Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**GRACE A. KIM, Trial Attorney** (CSBN 247456)
Office of the Solicitor (Sol # 1119294)
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Telephone: (213) 894-3950
Facsimile: (213) 894-2064
Email: kim.grace@dol.gov

Attorneys for Plaintiff

E-FILED 05/03/11
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS,**<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>                        Plaintiff,<br>v.<br><br>**TEMPLE GARDEN HOMES I, INC.,** a California corporation,<br>**TEMPLE GARDEN HOMES II, INC.,** a California corporation,<br>**TEMPLE GARDEN HOMES III, INC.,** a California corporation,<br>**TEMPLE GARDEN HOMES FOR THE DEVELOPMENTALLY DISABLED, INC. [IV],** a California corporation,<br>**TEMPLE GARDEN HOMES FOR THE DEVELOPMENTALLY DISABLED, INC. V,** a California corporation,<br>**TEMPLE GARDEN HOMES FOR THE DEVELOPMENTALLY DISABLED, INC. VI,** a California corporation,<br>**T.G.H. MANAGEMENT GROUP, INC.,** a California corporation (also known as **T.G.H. MOBILE DAY PROGRAM**), and<br>**FLORENCIA PILPA,** individually and as managing agent of the aforementioned corporate defendants,<br><br>                        Defendants. | **Case No. CV11-03521-PSG (RZx)**<br><br>(~~PROPOSED~~) **CONSENT JUDGMENT** |

A. The Secretary of Labor, United States Department of Labor (the "Secretary") has filed a Complaint alleging that Defendants Temple Garden Homes I, Inc., a California corporation, Temple Garden Homes II, Inc., a California corporation, Temple Garden Homes III, Inc., a California corporation, Temple Garden Homes for the Developmentally Disabled, Inc. [IV], a California corporation, Temple Garden Homes for the Developmentally Disabled, Inc. V, a California corporation, Temple Garden Homes for the Developmentally Disabled, Inc. VI, a California corporation, T.G.H. Management Group, Inc., a California corporation, (also known as T.G.H. Mobile Day Program) (collectively, "Corporate Defendants"), and Florencia Pilpa, individually and as managing agent of Corporate Defendants ("Defendant Pilpa") ("Corporate Defendants" and "Defendant Pilpa" are hereafter collectively referred to as "Defendants") violated provisions of Sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207 and 215(a)(2), respectively.

B. Defendants wish to enter into a settlement agreement and agree to the terms set forth in this consent judgment ("Consent Judgment") in order to settle the Secretary's claims arising out of her FLSA investigation of Defendants for the period from June 1, 2008 to May 22, 2010 ("Investigative Period").

C. The Secretary is willing to enter into a settlement agreement and agrees to this Consent Judgment in order to provide Defendants with an opportunity to achieve compliance with the FLSA.

D. Defendants have appeared and acknowledge receipt of a copy of the Complaint.

E. Defendants waive issuance and service of process and waive answer and any defenses to the Complaint.

F. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

G. Defendants admit that this Court has jurisdiction over the parties and subject matter of this civil action.

H. Defendants admit that venue lies in the district court for the Central District of California.

I. Defendants admit that, as of the date of this Consent Judgment (as indicated below by the signature line for Defendant Pilpa), they are joint employers within the meaning of the FLSA and regulations promulgated thereunder. E.g., 29 C.F.R. § 791.2.

J. The Secretary has concluded, and Defendants admit, that during the Investigative Period, Defendants failed to pay their employees proper overtime wages as required by Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), respectively.

K. Due to Defendants' violation of the aforementioned overtime provisions of the FLSA for the Investigative Period, the Secretary has determined that **$53,581.09** in overtime backwages are due to nineteen (19) of Defendants' employees.

L. Defendants hereby agree to remit overtime backwages in the amount of **$53,581.09** ("Overtime Backwages Payment").

M. Defendants admit that they were previously investigated by the Secretary for FLSA compliance for the period from December 31, 2004 to December 31, 2006 ("Prior Investigation").

N. Defendants admit that as a result of the Prior Investigation, the Secretary then determined that Defendants were in violation of the overtime provisions of the FLSA.

O. Defendants admit that as a result of the Prior Investigation, Defendants then paid their employees $49,113.21 in FLSA overtime backwages, as determined by the Secretary.

P. The Secretary has assessed $10,972.50 in unpaid civil money penalties ("CMPs") against Defendants due to the willful and/or repeat nature of Defendants' over-

time violations for the Investigative Period. The CMPs were assessed against Defendants and finally determined by the Secretary pursuant to authority granted in Section 16(e)(2) of the FLSA, 29 U.S.C. §§ 216(e)(2). The Secretary and Defendants agree to an amended CMP figure in the amount of $9,500.00. Defendants hereby agree to remit **$9,500.00** to the Secretary ("CMP Payment").

Q. Defendants represent that as of the date of this Consent Judgment (as indicated below by the signature line for Defendant Pilpa), Defendants are presently in full compliance with all provisions of the FLSA, including but not limited to, the FLSA's minimum wage requirements (Section 6, 29 U.S.C. § 206), overtime requirements (Section 7, 29 U.S.C. § 207), and recordkeeping requirements (Section 11, 29 U.S.C. § 211).

R. Defendants specifically represent that as of the date of this Consent Judgment, the time that any of Defendants' employees spend working at each of Defendants' site locations shall be aggregated for purposes of determining compliance with the overtime provisions of the FLSA. (For example, if Employee X works at both Temple Garden Homes I, Inc., and the T.G.H. Mobile Day Program, the hours worked by Employee X at these site locations shall be added together by Defendants for purposes of determining whether Employee X is to be compensated at an overtime rate.)

S. Defendants represent that they will not later attempt to recover the Overtime Backwages Payment from their employees, such as by: subtracting the Overtime Backwages Payment from employees' future paychecks, asking employees for the Overtime Backwages Payment to be returned, or by any other means. Should the Secretary learn at any future time that Defendants have recovered, or have attempted to recover, any portion of the Overtime Backwages Payment from their employees, the Secretary may assess an additional civil money penalty, subject to her sole discretion, for the Investigative Period. Furthermore, any attempt by Defendants to recover any portion of the Overtime Backwages Payment may be con-

sidered continued withholding of the Overtime Backwages Payment and, as such, may constitute a violation of Paragraph 3, <u>infra</u>, of this Consent Judgment and injunction, as to be determined by the Court.

//

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**ORDERED, ADJUDGED, AND DECREED** that Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them who receive actual notice of this order, by personal service or otherwise, be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), respectively, in any of the following manners:

1. Defendants shall not contrary to Section 7 of the FLSA, 29 U.S.C. § 207, employee any employee who in any workweek is engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, for a workweek longer than 40 hours unless the employee is paid at a rate of time and one-half the employee's regular rate for all hours worked in excess of 40 hours in a workweek.

2. Defendants shall aggregate the hours worked by their employees at each of their site locations, as explained above in Paragraph R, for purposes of determining compliance with the overtime provisions of the FLSA.

3. Defendants shall not continue to withhold the Overtime Backwages Payment, in the amount of **$53,581.09**, found due under the FLSA to those employees listed in the attached Exhibit 1.

4. The Overtime Backwages Payment, in the amount of $53,581.09, shall be made as follows:

    a. For those individuals listed in Exhibit 1 who are currently employed by Defendants: On or before **Friday, May 13, 2011**, Defendants shall deliver, by personal delivery, a separate certified or cashier's check or money order to each individual named in the attached Exhibit 1, each of which shall be made payable to the order of that particular individual and the Wage and Hour Division, United States

Department of Labor, as an alternate payee (for example, "Pay to the order of Employee X **or** Wage & Hour Div., Labor"), and each of which shall be in an amount equal to 100% of the net amount due to that particular individual as provided in Exhibit 1, after making appropriate F.I.C.A. and federal withholding tax deductions only.

b. Upon personal delivery of the above-described checks or money orders, Defendants shall have each individual execute, by date and signature, a Department of Labor "WH Form 58" entitled "Receipt for Payment of Lost or Denied Wages, Employment Benefits, or Other Compensation" ("Form 58"). By **Friday, May 27, 2011,** Defendants shall send all completed Form 58s (with a cover page providing Defendants' name, address, and "Wage Hour case identification number: 1551685") to the Secretary's authorized representatives at the following address:

    U.S. Department of Labor, Wage Hour Division

    100 N. Barranca Street, Suite 850

    West Covina, CA 91791

c. For those individuals listed in Exhibit 1 who are no longer employed by Defendants and/or for those individuals whose checks or money orders are otherwise undeliverable, for any reason whatsoever: On or before **Friday, May 13, 2011**, Defendants shall deliver, by certified mail, a separate certified or cashier's check or money order for each individual named in the attached Exhibit 1, each of which shall be made payable to the order of that particular individual and the Wage and Hour Division, United States Department of Labor, as alternate payee (for example, "Pay to the order of Employee X **or** Wage & Hour Div., Labor"), each of which shall be in an amount equal to 100% of the net amount due to that particular individual as provided

in Exhibit 1, after making appropriate F.I.C.A. and federal withholding tax deductions only, to the Secretary's authorized representatives at the address provided above in Paragraph 4.b.

The Secretary shall allocate and distribute the proceeds of these checks or money orders to the particular individuals named therein, or to their estates if that be necessary, in her sole discretion. Any money not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within three (3) years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

5. Defendants shall not continue to withhold the CMP Payment, in the amount of **$9,500.00**, assessed against Defendants and finally determined by the Secretary pursuant to authority granted in Section 16(e)(2) of the FLSA, 29 U.S.C. § 216(e)(2).

6. The CMP Payment shall be made by cashier's check or money order, and shall have Defendant Pilpa's name and "CMP" written on said payment. The CMP Payment shall be made payable to the order of "Wage and Hour Div., Labor." The CMP Payment shall be delivered on or before **Friday, May 13, 2011**, to the Secretary's authorized representatives at the address provided above in Paragraph 4.b.

In the event of any default in the timely making of any payment due hereunder, the full amount due under the provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending, by ordi-

nary mail, a written demand to the last business address of Defendants then known to the Secretary.

It is further **ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorney's fees, which may be available under the Equal Access to Justice Act, as amended.

**SO ORDERED.**

Dated: 05/02/, 2011

PHILIP S. GUTIERREZ
United States District Judge

For Defendants:

Defendants hereby appear, waive any defense herein, consent to the entry of this Judgment, and waive notice by the Clerk of Court:

_[signature]_                                        4/18/11, 2011
FLORENCIA PILPA                                      Date
On behalf of herself and the
Corporate Defendants


For the Secretary:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_[signature]_                                        April 18th, 2011
GRACE A. KIM, Trial Attorney                         Date
Attorneys for the Secretary
U.S. Department of Labor

# EXHIBIT 1
## Solis v. Temple Garden Homes I, Inc., et al.,

| Last Name | First Name | Overtime Backwages Due |
|---|---|---|
| 1. Addington | Silvia | $684.79 |
| 2. Aguilar | Maria Teresa | $480.81 |
| 3. Aguirre | Rebeca | $2,023.13 |
| 4. Castro | Adela | $224.08 |
| 5. Del Pilar | Harry Go | $2,522.86 |
| 6. Del Pilar | Naida A. | $2,533.54 |
| 7. Galicinao | Teodoro | $1,400.94 |
| 8. Garbo | Jose | $4,469.55 |
| 9. Gotgotao | Mercedita | $5,094.78 |
| 10. Hernandez | Fil | $546.36 |
| 11. Ignacio | Edwin | $7,424.37 |
| 12. Madarang | Oligaria | $1,464.75 |
| 13. Munoz | Hector | $5,539.42 |
| 14. Parin | Alex | $7,503.60 |
| 15. Raagas | Filoteo | $3,081.22 |
| 16. Seminiano | Teodula | $102.09 |
| 17. Silva | Marcela | $3,743.78 |
| 18. Uy | Marlon | $3,291.14 |
| 19. Villa | Mario | $1,449.88 |
| **Total** |  | **$53,581.09** |